**Billy Lee LACEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8405.**

United States Court of Appeals
Tenth Circuit.
Feb. 15, 1966.

Anthony V. Zarlengo, Denver, Colo., for appellant.

Donald P. MacDonald, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., for the District of Colorado, on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found appellant-defendant Lacey guilty of uttering a forged government check in violation of 18 U.S.C. § 495 and he appeals from the sentence imposed. The only error urged is the improper receipt in evidence of a written confession.

The defendant, a mature man experienced in law enforcement matters, was first questioned by a federal Secret Service agent at the Denver jail on July 27, 1964. At that time the agent advised him of his right to counsel and warned him that any statement which he gave might be used against him. The defendant said he wished to discuss the matter with his lawyer and declined to make any statement. The agent again visited the defendant on August 24, 1964, and asked him if he had seen an attorney. The defendant answered in the negative and the agent left. On March 16, 1965, the agent's office received a phone call from the jail saying that defendant desired to see him.[1] The agent went to the jail and saw the defendant who told him that he had discussed the matter with his attorney; that he had been sentenced in his state case; and that he wanted to dispose of "the other cases." Defendant then made a statement concerning the offense for which he was charged and found guilty in federal court. The agent took notes and returned to his office to put them in typewritten form. He went back to the jail later that day and the defendant signed the statement after making one correction therein.

When the government offered the statement in evidence the defense objected and the court conducted a hearing out of the presence of the jury. The testimony of the agent and of the defendant was in sharp conflict. The court believed the agent and found that the statement was "voluntarily made, without threats or promises." Later the statement was received in evidence.

Defendant asserts that the statement was inadmissible because he was not afforded the right to counsel and because he did not make it voluntarily. Reliance is placed on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246. We recently disposed of a similar contention in Shultz v. United States, 10 Cir., 351 F.2d 287, and need not repeat what we there said. We have read the record and are convinced that it fully sustains the action of the trial court. The defendant's fantastic explanation to the court of the pertinent events invites disbelief. He was not deprived of a lawyer but instead was urged to consult one; and the statement was not taken until after he said he had talked to his lawyer. Rather than being tricked, threatened, or coerced, he sought out the agent and volunteered to tell what he had done.

Affirmed.

---

1. Except for a period when he was out on bond, the defendant had been in jail from July to March on a state charge to which he had pleaded guilty before the visit of the agent on March 16, 1965.